**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BIBBI STOKES** | : | |
| **329 North Front Street** | : | **CIVIL ACTION NUMBER:** |
| **Camden, New Jersey 08102** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **v.** | : | |
| | : | |
| **JEFFERSON HEALTH** | : | |
| **1101 Market Street** | : | |
| **Suite 2400** | : | |
| **Philadelphia, Pennsylvania 19107** | : | |

_____

CIVIL ACTION

I. JURISDICTION

1.    Plaintiff Bibbi Stokes brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (hereinafter "Title VII") and 42 U.S.C. § 1988. Jurisdiction is invoked pursuant to 28 U.S.C. § 139(b) inasmuch as Plaintiff's causes of action arose in the District of New Jersey and Philadelphia, Pennsylvania where Defendant maintains facilities for the delivery of healthcare services for regional residents of New Jersey as well as Pennsylvania.

II. THE PARTIES

2.    Plaintiff Bibbi Stokes is an adult African-American female who at all times relevant hereto resided at 329 North Front Street, Camden, New Jersey,

3.    Defendant Jefferson Health and its affiliate, Garden State Infectious Disease Associates, constitute a single employer within the meaning of Title VII.[1]

_____

[1] For purposes of this action, the EEOC defined Garden State Infectious Disease and Jefferson Health as a "single employer"/integrated enterprise within the meaning of Title VII" and deemed the Respondent for Title VII purposes.

4.   The Defendant Jefferson Health and Garden State Infectious Disease Associates maintained business addresses of 709 Haddonfield Berlin Road, Voorhees, New Jersey 08043 and Philadelphia, Pennsylvania.

5.   At all times relevant hereto, Defendants were found to constitute a single "employer"/integrated enterprise within the meaning of Title VII.

III. <u>ADMINISTRATIVE PROCEDURE</u>

6.   All preceding paragraphs are incorporated herein as if set forth at length below.

7.   Plaintiff filed EEOC Charge Number 530-2020-02145 on or about May 29, 2022.

8.   The  Notice of Right to Sue was issued on December 30, 2022 and is attached herewith.

IV. <u>STATEMENT OF CLAIMS</u>

9.   All preceding paragraphs are incorporated herein as if set forth fully below.

10. Plaintiff began her employment with Garden State Infectious Disease Associates ("Garden State") on January 9, 2017, as a Medical Case Coordinator Nurse.

11. Plaintiff was hired after she was interviewed and hired by Maryann Andrews (Caucasian female).

12. Ms. Andrews was the Office Manager for Garden State and Plaintiff's counterpart.

13. The racial composition of Garden State was approximately 60% White and 40% Minority when Plaintiff was hired.

14. As nurses, Plaintiff and Andrews each managed a team which was comprised of support personnel to assist in the delivery of care to patients.

15. Ms. Andrews' team was comprised of a Social Worker (Caucasian), a Medical Case

Manager (Hispanic), a Non-Medical Case Manager (Hispanic) and a Medical Assistant (Caucasian).

16. Plaintiff's team was comprised of a Social Worker (Black), a Medical Case Manager (Caucasian), a Non-Medical Case Manager (Caucasian) and a Medical Assistant (Hispanic).

17. On her first day of employment, Plaintiff was given a manual for the Los Angeles County Department of Health Care Coordination Model and instructed to implement this model.

18. Plaintiff was not provided with any formal orientation or guidance for the use of this manual in New Jersey.

19. Plaintiff, based on her training and experience, made it known to Andrews that a formal orientation for an out-of-state care coordination model was problematic as different public health organizations in different jurisdictions address different patient population needs.

20. Plaintiff was instructed to carry out the model as she saw fit.

21. Plaintiff attended leadership meetings where her suggestions regarding gathering information to fit the medical needs of the practice in New Jersey were disregarded by Andrews.

22. Plaintiff filed an EEOC charge against Garden State Infectious Disease Associates and Jefferson on or about May 29, 2020.

23. During the investigation of the charge, witness testimony secured by the assigned investigator revealed that Maryann Andrews had a vendetta against Plaintiff.

24. The investigation also revealed that Plaintiff was subjected to differing terms and conditions of employment, and this was confirmed by a similarly situated White comparator.

25. Plaintiff filed a formal written complaint to Defendant Garden State alleging that she was subjected to prejudice in the workplace in March, 2020.

26. Plaintiff requested an investigation of the corrective action plans issued to her six

months prior.

27. The agency's investigation revealed Jefferson Health/Garden State failed to appropriately investigate the complaint although its policies clearly state that "all complaints will bae investigated".

28. Plaintiff was terminated in April, 2020.

29. The EEOC investigation determined that Plaintiff was subjected to social discrimination and retaliation and discrimination in the workplace as an employee of Jefferson Health.

30.  Plaintiff has been subjected to loss of employment, loss of professional stature, mental anguish, anxiety, humiliation and embarrassment, all of which has had a detrimental effect on her wellbeing.

31. As a result of the discriminatory and retaliatory treatment to which she has been subjected, Plaintiff has experienced elevated blood pressure events.

32. The investigation of Plaintiff's Charge of Discrimination revealed that Plaintiff was subjected to differing terms and conditions of employment experienced by another White comparator.

33. Plaintiff complained about being subjected to social prejudice after she was disciplined and subjected to corrective action plans in March, 2020.

34. Further, Defendant failed to investigate or address Plaintiff's internal complaints.

35. As a result of the foregoing, Plaintiff has sustained loss of income, loss of benefits and loss of employment.

36. As a result of the foregoing, Plaintiff has sustained personal, physical injuries for

which she has been forced to pay out-of-pocket for treatment when she can due to the loss of health insurance benefits she received from the Defendant.

37. Because Plaintiff complained about the treatment she received from Maryann Andrews in the workplace, Andrews announced to other employees that she (Andrews) was going "to get rid of Plaintiff if it was the last thing" she does while employed by Defendant Jefferson.

38. Acting on behalf of Defendant Jefferson, Andrews terminated Plaintiff within a month of the complaint regarding Andrews' conduct.

39. The unlawful employment practices complained of herein were done with malice and reckless indifference to federally protected rights secured to Plaintiff under Title VII.

FEDERAL CLAIMS

COUNT 1: PLAINTIFF BIBI STOKES v. JEFFERSON HEALTH
42 U.S.C. 2000e-2(a)(1)

40. All preceding paragraphs are incorporated herein as if set forth fully and reiterated here in their entirety.

41. The acts and/or failures of Defendant Jefferson Health were unlawful acts which discriminated against Plaintiff with respect to the terms, conditions, discharge and privileges of employment because of Plaintiff's race, gender and/or color.

WHEREFORE, Plaintiff prays for judgment against Defendants named in this count for damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars and for reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

COUNT 2: PLAINTIFF V. DEFENDANT JEFFERSON HEALTH
42 U.S.C. 2000e-2(a)(2)

42. The allegations contained in all preceding paragraphs are incorporated herein as if set

forth fully here and reiterated in their entirety.

43. The acts and/or failures of Defendant Jefferson Health constituted a failure to appropriately investigate Plaintiff's internal complaint about Maryann Andrews.

44. The discriminatory conduct of Maryann Andrews subjected Plaintiff to less favorable terms and conditions of employment of a White comparator in that Plaintiff was terminated after she complained about Andrews.

45. Several employees heard Andrews state that she "was going to get rid of Plaintiff:".

46. Other employees reported the racially hostile conduct of Andrews. No corrective action was taken.

47. Andrews issued a second corrective action plan to Plaintiff in February, 2020.

48. Defendant Jefferson responded by terminating Plaintiff.

WHEREFORE, Plaintiff respectfully prays for damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars and for reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

COUNT 3: PLAINTIFF v. DEFENDANT JEFFERSON HEALTH
Violation of 42 U.S.C. 2000e-3

49. The allegations contained in all preceding paragraphs are incorporated herein as if set forth fully below.

50. Defendant engaged in retaliatory conduct which include but are not limited to the following:

(a) Andrews required Plaintiff to be responsible for learning the content of a manual for the Los Angeles County Department of Health Care Coordination Model which was based on California healthcare law which is not applicable in New Jersey without formal orientation or guidance;

    (b) Andrews berated employee Karen Dessables (Black) and consistently degraded Ms. Dessables in the presence of staff and the public;

    (c) Andrews instructed employee Gina McIntyre (Caucasian) not to fraternize with Plaintiff;

    (d) After employee Tonya Johnson emailed a complaint about the racist behavior of Andrews, Andrews prepared a grant which eliminated Johnson's position in 2018 and stated in a staff meeting, "She (Johnson) had to go".

51. Instead of taking corrective disciplinary action against Andrews and her enablers, Defendant Jefferson took no corrective action to remediate the racially hostile work environment maintained by Andrews.

52. Plaintiff feared for her safety when she was threatened by a White male employee in the workplace.

53. The foregoing concerns as well as other racially hostile events or incidents were reported to upper management and there was no effective corporate response.

54. Defendant Jefferson maintained and managed a racially hostile work environment against Plaintiff and took no effective remedial action against those employees, like Andrews, whose conduct contributed to the racially hostile workplace there.

55. The effect of the events complained of above has been to deprive Plaintiff and other similarly aggrieved Black employees of equal employment opportunities and otherwise adversely affect their status as an employee because of their race.

WHEREFORE, it is respectfully requested that this Honorable Court enter an order awarding damages in excess of One Hundred Fifty Thousand ($150,000.00) Dollars and attorney fees and costs pursuant to 42 U.S.C. § 1988.

/s/ *Isaac H. Green*

_____

ISAAC H. GREEN, ESQUIRE
DEAN F. OWENS, *ESQUIRE*
*Attorneys for Plaintiff*